IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROGER FALLECKER,   )<br>          Plaintiff,    )<br>                                )<br>                                )<br>COMMONWEALTH OF PENNNSYLVANIA )<br>DEPARTMENT of HUMAN SERVICES,   )<br>          Defendant.    ) | C. A. No.:<br><br><br><br><br>JURY TRIAL DEMANDED<br>Electronically Filed |

## COMPLAINT

COMES NOW the Plaintiff, ROGER FALLECKER, by and through his attorney, Adam K. Hobaugh, and files this, his COMPLAINT, of which the following is a statement:

## PARTIES

1.     The Plaintiff, Roger Fallecker, is an adult individual residing in Butler County, Pennsylvania, 16001.

2.     The Defendant, Commonwealth of Pennsylvania, Department of Human Services is a unit of state government organized and existing under and pursuant to the laws and statutes of the Commonwealth of Pennsylvania, with an office located at 108 Woody Drive, Butler, PA 16001, and at all times relevant hereto acted by and through its directors, employees, officials, solicitors, attorneys, agents other functionaries of the said office, all of whom acted in the scope of his, her or their respective office, employment, position or function.

## JURISDICTION AND VENUE

3.     This is an action to redress the deprivation by the Defendant of the Plaintiff's civil rights, and in particular, the right to be free from illegal, invidious and damaging retaliation in his employment which rights are guaranteed by the Constitution of the United States and the laws and statutes enacted pursuant thereto, and in particular, Title VII of the Civil

Rights Act of 1964 (as amended), Title VII of the Civil Rights Act of 1991 (as amended), the Americans with Disabilities Act (as amended), as well as a pendent claim under State law for violation of Plaintiff's rights under the Pennsylvania Human Relations Act, 43 P.S. 951 et seq.  Declaratory relief is sought under and by virtue of Title 28 U.S.C. Sections 2201 and 2202.  Jurisdiction of this Honorable Court is founded upon Title 28 U.S.C. Sections 1331 and 1343(3), and Title 42 U.S.C. Section 2000e.

4.     All or substantially all of the events, facts and circumstances giving rise to the instant Complaint occurred in the Western District of Pennsylvania and therefore venue is appropriate under Title 28 U.S.C. Section 1391 (b)(2) and (c).

5.     A **JURY TRIAL** is demanded as to all counts to the extent permitted by law.

## FACTUAL ALLEGATIONS

6.     Plaintiff was employed by the Defendant as an incoming case worker from on or about September 23, 2013 through on or about December 4, 2015

7.     At all times during his employment with the Defendant, Plaintiff was qualified for the position he held.

8.     Plaintiff was terminated without just cause or legal excuse on or about December 4, 2015 in retaliation for making a good faith complaint to the Equal Employment Opportunity Commission ("EEOC") about his employment circumstances.

9.     On or about June 2, 2015, Plaintiff filed a Charge of Discrimination with the EEOC alleging good faith complaints of age, sex and disability discrimination.

10.    Prior to filing his Charge of Discrimination with the EEOC, Plaintiff made a number of good faith complaints as well as requests for accommodation to the Defendant.

11.    After the Defendant received notice of the Plaintiff's Charge of Discrimination, the Defendant began retaliating against the Plaintiff by subjecting Plaintiff to heightened

scrutiny, refusing Plaintiff resources available to other employees, issuing poor performance reviews in violation of the Defendant's internal policies at intervals more frequent than permitted, and subjecting Plaintiff's work product to a level of scrutiny far in excess of any other employee.

12. Defendant's actions were taken and done in an attempt to retaliate against the Plaintiff for his filing of a Charge of Discrimination.

13. After receiving notice of Plaintiff's Charge of Discrimination, the Defendant forbade the Plaintiff from discussing questions related to his employment with co-workers, and insisted that Plaintiff bring all questions to the attention of his supervisor.

14. Defendant did not forbid any other employee from discussing questions with co-workers.

15. Defendant documented all questions asked by the Plaintiff and used those questions as an improper basis for poor performance reviews which were conducted on the Plaintiff with far more frequency than that which they were conducted for other employees.

16. After receiving notice of Plaintiff's Charge of Discrimination, Defendant required Plaintiff to obtain permission from his supervisor to utilize resources, including translation assistance, that were readily available without permission to other employees of the department.

17. After receiving notice of Plaintiff's Charge of Discrimination, Defendant reassigned the Plaintiff's work station so that Plaintiff was positioned directly outside his supervisor's office and subjected Plaintiff to heightened scrutiny.

18. After receiving notice of Plaintiff's Charge of Discrimination, the Defendant chastised the Plaintiff for printing documents to assist him in the completion of his assigned duties, while other employees, who had not filed Charges of Discrimination, were permitted to

print without reprimand.

19. Plaintiff was informed by his direct supervisor that his number of completed cases per day did not matter, and that accuracy was more important than completion of cases, and Plaintiff was then rated poorly on his performance reviews for failing to complete a sufficient number of cases each day.

20. After receiving notice of Plaintiff's Charge of Discrimination, the Defendant assigned employees to review Plaintiff's work screen by screen to find errors or deficiencies. No other employee's work was reviewed in this manner.

21. After receiving notice of Plaintiff's Charge of Discrimination, Defendant subjected Plaintiff to a number of performance reviews, in violation of Defendant's performance review policy.

22. Defendant improperly rated the Plaintiff poorly in each of these reviews in order to attempt to mask its improper desire to terminate the Plaintiff in retaliation for his discrimination complaints.

23. After repeatedly reprimanding the Plaintiff for asking too many questions, in or about October, 2015, Plaintiff was called into a meeting in his supervisor's office and was reprimanded for not asking questions.

24. After receiving notice of Plaintiff's Charge of Discrimination, Defendant required Plaintiff to complete an "end of weekday log". No other employee was required to complete an "end of weekday log".

25. On December 4, 2015, Plaintiff was terminated. The reasons for Plaintiff's termination were pretextual.

26. Following Plaintiff's termination he filed a complaint with the EEOC alleging discrimination and retaliation under state and federal law, docketed by the EEOC at Case

No. 201000460.

27.     On February 26, 2016, Plaintiff received a Dismissal and Notice of Rights letter from the EEOC.

28.     This Complaint is timely filed within ninety (90) days of receipt by Plaintiff of the Dismissal and Notice of Rights letter.

## COUNT I
## RETALIATION

29.     Plaintiff respectfully incorporates all of the allegations of Paragraphs 1-28, inclusive, as if the same were fully set forth in this First Count, and made a constituent part hereof.

30.     Plaintiff engaged in protected activity by making a good faith complaint of discrimination, retaliation, and age discrimination internally to the Defendant and also through his filing of a Charge of Discrimination with the EEOC.

31.     After Plaintiff filed his complaint with the EEOC, the Defendant retaliated against him by subjecting him to heightened scrutiny, failing to follow its internal policies with respect to performance reviews, reassigning his work station and preventing him from accessing resources which other employees, who had not filed charges of discrimination, were entitled to utilize without permission, as described more fully hereinabove.

32.     The Defendant's retaliation constituted unlawful retaliation in violation of the said acts, to wit, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* (as amended) and the Civil Rights Act of 1991 (as amended).

33.     As a result of the Defendant's actions and inactions, Plaintiff has suffered, and will continue to suffer, humiliation, loss of employment and associated benefits of the same including, but not limited to, salary, seniority, benefits, pension contributions and other emoluments of employment.

WHEREFORE, Plaintiff Roger Fallecker respectfully prays that judgment be entered in his favor against the Defendant and that the Court:

      a.      Enter a declaratory judgment that the practices, policies, customs and usages complained of herein are unlawful and violative of Title VII of the Civil Rights Act of 1964 (as amended);

      b.      Permanently enjoin the Defendant, its officials, officers, managers, supervisors, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices and actions shown to be in violation of applicable law;

      c.      Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices and actions shown to be in violation of applicable law so that the said practices, etc., do not permit age discrimination of any kind or type;

      d.      Reinstate Plaintiff to his previous position, or a position of comparable salary, benefits, rank, seniority, and stature within the Defendant organization;

      e.      Adjust the wage rates, salary, bonuses, position and benefits for Plaintiff to that level which he would be enjoying but for the discriminatory practices and actions of the Defendant;

      f.      Compensate and make Plaintiff whole for all earnings, salary, wages, and other benefits he would have received but for the discriminatory practices and actions of Defendant;

      g.      Order that Defendant destroy all derogatory comments and discipline files regarding Plaintiff and expunge all references to the circumstances of any such discipline;

      h.      Award Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees and costs of suit;

      i.      Grant such other relief as may be just and proper including but not limited to a grant of compensatory, liquidated, exemplary and/or punitive damages; and

      j.      Protect Plaintiff from further discrimination and/or retaliation.

## COUNT II
## PHRA VIOLATIONS

34. Plaintiff respectfully incorporates all of the allegations of Paragraphs 1-33, inclusive, as if the same were fully set forth in this Second Count, and made a constituent part hereof.

35. This is an action arising under the provisions of Pennsylvania law, to wit, Title 43 P.S. 951, et seq. (The "Pennsylvania Human Relations Act") and this Court has, and should exercise, pendent jurisdiction over the same because the cause of action complained of in this Second Count arises out of the same facts, events and circumstances as the First Count and therefore judicial economy and fairness to the parties dictate that this Count be brought in the same Complaint.

36. By retaliating against the Plaintiff without just cause or legal excuse and because of his protected activity the Defendant violated the provisions of Title 43 P.S. 955 which prohibits retaliation with respect to compensation for, continuation in and tenure of, employment.

37. The Defendant's actions in retaliating against the Plaintiff, as aforementioned, were taken and done despite the Plaintiff's experience and qualifications which made him the best able and most competent employee to provide services for the Defendant in a number of available positions including but not limited to the position he held at the time of the events complained of heretofore.

38. As more fully set forth in Count I, the Plaintiff has suffered, directly and solely as a result of the Defendant's discriminatory actions, great pecuniary loss and damage, and will continue to suffer the same for the indefinite future.

39. **A JURY TRIAL IS DEMANDED TO THE EXTENT THE SAME MAY HEREAFTER BE PERMITTED BY LAW.**

WHEREFORE, the Plaintiff respectfully prays that judgment be entered in his favor

and against the Defendant for all of the relief sought in Count I, *supra*, and such other and further relief provided by the Pennsylvania Human Relations Act, together with an award of attorneys' fees and costs of suit in this Second Count.

                                           Respectfully submitted,

                                           s/Adam K. Hobaugh
                                           MURTAGH, HOBAUGH & CECH
                                           Adam K. Hobaugh
                                           Pa. Id. No. 203448
                                           MURTAGH, HOBAUGH & CECH
                                           110 Swinderman Road
                                           Wexford, PA 15090
                                           (724) 935-7555

                                           Counsel for Plaintiff

Dated: May 23, 2016